**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-2299

THE HUMANE SOCIETY OF THE UNITED STATES,

Plaintiff - Appellant,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, District Judge. (8:16-cv-02029-PWG)

Submitted: March 5, 2019                    Decided: March 15, 2019

Before AGEE, KEENAN, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Conor B. O'Croinin, John J. Connolly, ZUCKERMAN SPAEDER LLP, Baltimore, Maryland, for Appellant. Linda S. Woolf, Joseph B. Wolf, Derek M. Stikeleather, GOODELL, DEVRIES, LEECH & DANN, LLP, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Humane Society of the United States ("HSUS") appeals the district court's order dismissing under Fed. R. Civ. P. 12(b)(6), on res judicata grounds, HSUS's action to recover settlement funds pursuant to an insurance policy issued by National Union Fire Insurance Company of Pittsburgh, Pa. ("NU"). The district court held that HSUS's insurance claim was barred by the final judgment in *The Humane Soc'y of the U.S. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 8:13-cv-01822-DKC (D. Md.) ("*Humane Society I*"), in which the district court denied HSUS leave to amend its complaint to assert the same claim against NU. *See Humane Society I* (D. Md. July 11, 2016). We affirm.

Because HSUS's opening brief does not contest any aspect of the district court's dispositive res judicata analysis, any such challenge is waived. *See, e.g.*, *United States v. Cohen*, 888 F.3d 667, 685 (4th Cir. 2018). HSUS argues instead that a Maryland Circuit Court judgment, issued during the pendency of this appeal, has collateral estoppel effect on the issue of NU's liability to HSUS in the present matter. The Maryland judgment held that NU improperly denied coverage under the same insurance policy to an affiliate of HSUS, the Fund for Animals ("FFA"). The FFA action concerned the same underlying settlement funds that HSUS seeks to recover here. Invoking the "last-in-time rule," HSUS contends that the *Humane Society I* judgment no longer bars HSUS from recovering against NU, for the Maryland judgment in the FFA Recovery Action occurred later in time. *See Treinies v. Sunshine Mining Co.*, 308 U.S. 66, 76-77 (1939); Restatement (Second) of Judgments § 15 (Am. Law Inst. 1982).

2

While we take judicial notice of the Maryland judgment, *see* Fed. R. Evid. 201(b)(2), we disagree with HSUS about the preclusive effect of that judgment. Collateral estoppel does not apply unless "the issue decided in the prior adjudication [is] identical with the one presented in the action in question." *Garrity v. Md. State Bd. of Plumbing*, 135 A.3d 452, 459 (Md. 2016); *see Allen v. McCurry*, 449 U.S. 90, 96 (1980) (preclusive effect of state court judgment is governed by law of state that entered judgment). In adjudicating the FFA action, the Maryland court explicitly refrained from reaching the issue of NU's liability to HSUS, and therefore the issues in the two actions do not align. Furthermore, HSUS's reliance on the last-in-time rule is misplaced. This rule applies only where there are "inconsistent final judgments," Restatement (Second) of Judgments § 15, and there is nothing inconsistent between the judgments in *Humane Society I* and the FFA Recovery Action. Even if the Maryland judgment in favor of FFA resolved the propriety of NU's denial of coverage to HSUS, it would present no conflict with *Humane Society I*, for the district court there disposed of HSUS's insurance claim on wholly separate grounds, specifically a lack of good cause for HSUS's failure to assert that claim in a timely fashion. Consequently, we find no merit in HSUS's collateral estoppel argument.

HSUS additionally argues that the district court's standing motions procedure violates Fed. R. Civ. P. 83 and the Rules Enabling Act, 28 U.S.C. § 2072 (2012). Because HSUS did not raise this issue before the district court, reversal is appropriate only if HSUS can demonstrate fundamental error or a denial of fundamental justice. *In re Under Seal*, 749 F.3d 276, 287 (4th Cir. 2014). Because we discern no error, let alone

3

fundamental error, in the district court's motions procedure, we decline to disturb the judgment on this ground.

Accordingly, we affirm the judgment of the district court. We grant NU's motion to file an addendum to its brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4